IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD W. RYAN,
    Plaintiff,

v.                                        CIVIL ACTION NO. RWT-09-1702

J.D. WHITEHEAD,
    Defendant.

******

**MEMORANDUM OPINION**

On June 26, 2009, the Court received Plaintiff Donald W. Ryan's civil rights complaint seeking compensatory damages and injunctive relief filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Ryan alleges he was denied adequate medical care when the receipt of his dentures was delayed. Paper No. 1.

Defendant has filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 10. Plaintiff has responded to Defendant's dispositive motion. Paper No.15. No hearing is necessary. <u>See</u> Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motion filed by Defendant, treated as a motion for summary judgment, will be granted.

**Background**

Plaintiff alleges that in July of 2006 he was advised by the Chief Dental Officer at FCI-Cumberland that he should submit to tooth extraction and the creation of a dental prosthetic (false teeth). Plaintiff states that the extractions began in July 2006. As a result of delays in having the false teeth prepared, Plaintiff claims he was without teeth for over 18 months, and endured over three years of a long painful process, during which time he was allegedly unable to eat, lost weight, and suffered gum pain. Paper Nos. 1 and 15.

1

Defendant indicates that from January 2006 through December 2007, Plaintiff underwent full mouth extractions wherein all of his teeth, which were either infected or decayed, were removed. Extraction is the first step in the process. Once extractions have occurred, the gums are treated until they are healthy enough for dentures. Paper No. 10, Ex., 2.

On October 31, 2008, Plaintiff reported to sick call complaining of sore gums related to the full tooth extraction. Plaintiff was evaluated and it was determined that a piece of sequestered bone needed to be removed. On February 1, 2009, full maxillary and mandibular impressions of Plaintiff's mouth were taken. Id.

On or about April 1, 2009, Dr. Cohen, Chief of Dentistry at FCI Cumberland went on extended medical leave. Id., Ex. 2. During this time, FCI Cumberland inmates had periodic dental care from BOP dentists from other federal institutions who were placed on temporary duty status at FCI-Cumberland. Dental care was based on need due to the backlog created during Dr. Cohen's absence. Id.

On August 28, 2009, full maxillary and mandibular impressions of Plaintiff's mouth were again taken. They were sent out to the dental lab on September 3, 2009. On September 4, 2009, Paul Farkas, DDS, who was temporarily assigned to FCI-Cumberland, counseled Plaintiff regarding the process required to complete Plaintiff's dentures. Id. Plaintiff was advised that the impressions would not return from the lab for six to eight weeks. At that time Plaintiff would return to the dentist for a bite fitting and the impression would be sent back to the lab for further processing, which would take four to six weeks. Once the impressions returned, Plaintiff would be scheduled for a wax impression "try-on" with adjustments as necessary.[1] The impressions would be sent back

---

[1] In fact, Plaintiff had the wax molds made of his complete set of dentures on December 18, 2009, and it was expected

to the lab for final preparation, which would take an additional four to six weeks. Plaintiff would then be scheduled for a final fitting with the dentist. This entire process would take three to five months to complete. Id.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims

---

that the final set of dentures would be returned by the first week of February 2010. Paper No. 19, Ex. 1. The parties have not advised the Court whether this in fact occurred.

and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Analysis

**A.     Respondeat Superior**

Plaintiff's allegations against Warden J. D. Whitehead are based solely upon the doctrine of *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in civil rights claims. See Love-Lane v. Martin, 355 F. 3d 766, 782 (4th Cir. 2004) (finding no respondeat superior liability under § 1983). Accordingly, Plaintiff's claims against the Warden shall be dismissed.

**B.     Medical Care**

Even if Plaintiff had named the proper party, however, his complaint would still be subject to dismissal.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the action (or failure to act) of Defendant amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need

4

for medical attention but failed to either provide it or ensure that the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (stating that there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. Farmer, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Va. Beach Corr. Ctr., 58 F. 3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown v. Harris, 240 F. 3d 383 (4th Cir. 2001).

The denial of a corrective/medical device may be sufficient to state a claim for a serious medical need. See Ramos v. Lamm, 639 F. 2d 559, 576 (10th Cir. 1980). In the instant case, however, Plaintiff has failed to produce evidence that the delay in providing dentures resulted in pain, severe discomfort, or other adverse medical consequences. Cf. Vasquez v. Dretke, 226 F. App'x 338, 340 (5th Cir. 2007) (finding plaintiff's allegation that lack of dentures resulted in "difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his

stool" sufficient to support claim of deliberate indifference to a serious medical need").

Plaintiff alleges that the process to receive his dentures has been a "painful experience," wasteful of government resources, and required him to subsist on a limited diet of soft foods. Paper No. 1. He further notes that on July 24, 2007, October 15, 2007, and May 5, 2008, he submitted inmate request to staff – not sick call slips – complaining of pain in his gums and his inability to eat a normal diet. Paper No. 15. Significantly, each of these complaints was made during the time he was undergoing the full mouth extraction and before his gums had healed sufficiently to permit the next stage of his medical treatment to proceed. Plaintiff's medical record is devoid of evidence that the *delay in receiving his dentures* caused him any pain or any ill health effects.

Moreover, Plaintiff's need for dentures was deemed cosmetic rather than based on a serious medical need. Paper No. 10, Ex. 2. He was not categorized as emergent by dental or medical staff, thus the process of providing him dentures was delayed due to the temporary medical absence of FCI Cumberland's Chief Dentist. Id. Such a delay to Plaintiff, caused by the "urgent and emergent needs of other inmates" during dental staffing shortage does not constitute deliberate indifference to his needs. See Hudson v. Bassett, No. 7:07cv00585, 2008 WL 4820511, at *6 (W.D. Va. Nov. 5, 2008) (holding delay in provision of dentures to plaintiff due to dental staff treating urgent and emergent dental needs of other inmates did not constitute deliberate indifference).

In light of the foregoing, the Court finds that Plaintiff simply disagrees with the medical judgment of his health care providers. Disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. See Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975). The Court simply cannot find from the record before it that the medical care received by Plaintiff was so egregious as to constitute an Eighth Amendment violation.

6

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. Judgment shall be entered in favor of Defendant and against Plaintiff. A separate order follows.

July 15, 2010                                            _____/s/_____
Date                                                             ROGER W. TITUS
                                                                  UNITED STATES DISTRICT JUDGE